UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-cv-20041-O'SULLIVAN

ESTHER CRESPO ALEMAN,

    Plaintiff,

v.

NANCY A. BERRYHILL,
Acting Commissioner of Social Security
Administration,

    Defendant.

_____/

## ORDER

THIS MATTER is before the Court on the Plaintiff's Application for Attorney Fees and Costs (DE # 31, 2/5/18). On April 20, 2017, this case was referred to the undersigned by the Honorable Cecilia Altonaga, United States District Court Judge for the Southern District of Florida (DE # 19, 4/20/17) for final disposition. Having carefully considered the plaintiff's motion, the court file, and the applicable law, the Plaintiff's Application for Attorney Fees and Costs (DE # 31, 2/5/18) is GRANTED in part and DENIED in part in accordance with this Order.

## BACKGROUND

On December 29, 2017, the undersigned issued an Order (DE # 29, 12/29/17) granting in part and denying in part the plaintiff's Motion for Summary Judgment (DE #21, 06/24/2017), denying the defendant's Motion for Summary Judgment (DE #22, 07/24/2017), and remanding the matter to the Administrative Law Judge (ALJ). On

January 9, 2018, the undersigned issued Final Judgment (DE # 30, 1/9/18) in favor of the plaintiff and against the defendant.  On February 5, 2018, the plaintiff filed the Plaintiff's Application for Attorney Fees and Costs (DE # 31, 2/5/18).  On February 20, 2018, the defendant filed the Defendant's Opposition to Plaintiff's Application for Attorney Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (DE # 33, 2/20/18).  On February 27, 2018, the plaintiff filed the Plaintiff's Reply to Defendant's Opposition to Plaintiff's Petition for Attorney's Fees Under the EAJA (DE # 34, 2/27/18).

## ANALYSIS

A.  **Entitlement to Fees**

The Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A), authorizes an award of attorney's fees in certain circumstances. The EAJA provides in part,

> [e]xcept as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, . . . unless the court finds that the position of the United States was substantially justified or that special circumstances makes an award unjust.

Id. The defendant objects to the fee request by the plaintiff because the plaintiff "requests compensation for fees for work which is not compensable under the EAJA." Response at 1.  The defendant asserts: (1) that the plaintiff should not recover fees for time spent on clerical tasks; (2) that the plaintiff should not recover fees for plaintiff's counsel to prepare his own motion for extension of time; (3) that the plaintiff should not recover for time spent on issues on which the plaintiff did not prevail: and (4) that the

plaintiff should not recover fees for time spent working on a brief for someone who is not the plaintiff. Response pp. 3-8. The defendant does not dispute: (1) that the plaintiff is the prevailing party; (2) that the plaintiff's application for fees was timely filed; (3) that the position of the defendant was not substantially justified; or (4) that no circumstances make an award of fees to the plaintiff unjust. The undersigned issued Final Judgment (DE # 30, 1/9/18) in favor of the plaintiff and against the defendant, thereby making the plaintiff the prevailing party in this matter.

B. **Amount of Fees**

The EAJA provides that attorney fees "shall be based upon prevailing market rates for the kind and quality of the services furnished" but "shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Special factor enhancements are reserved for "attorneys having some distinctive knowledge or specialized skill needful for the litigation in question–as opposed to an extraordinary level of the general lawyerly knowledge and ability useful in all litigation." Pierce v. Underwood, 487 U.S. 552, 572 (1988). Examples listed by the Court included patent law and knowledge of foreign law or language. Id.

To determine the appropriate cost-of-living increase, the $125.00 statutory rate is multiplied by the "annual average consumer price index for all urban consumers ('CPI-U') for the years in which counsel's work was performed, and then dividing the CPI-U figure for March 1996, the effective date of EAJA's $125 statutory rate." Thangaraja v. Gonzales, 428 F.3d 870, 877 (9th Cir. 2005). The plaintiff requests $197.92 per hour for

3

41.2 hours[1], which represents the increase in the costs of living since the effective date of the Act. The total amount of fees sought by the plaintiff is $8,154.31.

The defendant agrees that a fee award is appropriate, but objects to some of the billing entries. The defendant objects to: (1) the award of 1.90 hours requested by the plaintiff for tasks the defendant asserts are clerical in nature; (2) the 0.50 hours billed by the plaintiff for hours spent by the plaintiff's attorney preparing the plaintiff's own motion for extension of time (the plaintiff agrees to reduce these disputed tasks by 0.30 hours); (3) the 7.40 hours billed by the plaintiff that the defendant asserts is for work on issues on which the plaintiff failed to prevail; and (4) the time spent on a brief for an individual who is not the plaintiff (the plaintiff agrees to reduce these disputed tasks by 0.70 hours).

**1. Clerical Tasks**

Fees for paralegal services customarily billed to a client are recoverable under the EAJA. Richlin Security Serv. v. Chertoff, 553 U.S. 571, 590 (2008). Purely clerical or secretarial tasks that require no legal skill or training, such as converting pleadings to PDF, faxing and mailing, updating lists and calendars, and filing or e-filing documents, should not be billed at a paralegal rate regardless of who performs them. Spegon v. Catholic Bishop of Chicago, 175 F.3d 544, 553 (7th Cir. 1999); see Miccosukee Tribe of

---

[1]In the motion, the plaintiff requested 39.40 hours at a rate of $197.92 per hour, for a total of $7,798.05. In the reply, the plaintiff agrees to reduce the requested amount of fees by one hour, to 38.40 hours, for a total fee amount of $7,600.13. In the reply, the plaintiff also requests an additional 2.80 hours at a rate of $197.92 hours for the time spent by plaintiff's counsel litigating the issue of fees, for a request of additional fees in the amount of $554.18. The total amount of fees requested by the plaintiff without the agreed to reduction is $8,352.23. The total amount of fees requested by the plaintiff with the agreed to reduction is $8,154.31.

Indians of Florida v. U.S., No. 04-21448-CIV, slip op. at 8 (S.D. Fla. Mar. 15, 2010).

This Court must exercise independent judgment when reviewing a claim for hours reasonably expended. See Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1301-02 (11th Cir. 1988). It is important to keep accurate and current records of work done and time spent on a case, especially when a third party, i.e., someone other than the client, may pay the bills. See Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). If there is inadequate documentation or if the court finds a claim for hours to be "excessive or unnecessary," the court may reduce the number of hours for which fees will be awarded. Florida Patient's Comp. Fund v. Rowe, 472 So.2d 1145, 1150 (Fla. 1985); see also Loper v. New York City Police Dep't, 853 F.Supp. 716, 721 (S.D.N.Y. 1994) ("where adequate contemporaneous records have not been kept, the court should not award the full amount requested").

In the Response, the defendant lists specific tasks to which she objects to as being clerical in nature.  (Response at 3-4), for a total of 1.90 hours.  The plaintiff argues that these tasks are not clerical, but rather are hours spent by counsel monitoring the case status.  After reviewing the billing records, the undersigned agrees with the plaintiff that the aforementioned tasks were for the purpose of monitoring the case, not purely clerical, and therefore, finds that no reduction in the fee request is warranted for the 1.90 in attorney time the defendant argues is clerical in nature.

**2. Plaintiff's Motion for Extension of Time**

The defendant objects to 0.50 hours billed by the plaintiff for the plaintiff's motion for extension of time.  The defendant argues that these hours were billed for the convenience of counsel.  In support of her contention, the defendant cites to the Middle

5

District of Florida case of Perales v. Comm'r of Soc. Sec., No. 8:11-cv-475-T-JRK, slip op. at 4 (M.D. Fla. Jan. 22, 2013) (finding at page 4, that a request to the court for extension of time on behalf of the plaintiff was not compensable because the task was for the convenience of counsel). In the reply, the plaintiff agrees to a reduction of 0.30 hours for the tasks associated with this objection, because the plaintiff concedes that some of the time was spent for the convenience of counsel. Pursuant to a review of the submitted time for these tasks, the undersigned agrees with the defendant that the tasks were done for the convenience of counsel, and finds that a reduction of 0.50 hours is warranted. A reduction of 0.50 hours at a rate of $197.92 results in a reduction of $98.96 in fees.

### 3. Issues on Which the Plaintiff Did Not Prevail

The defendant asserts that the plaintiff's fee request should be reduced by 7.40 hours for time spent on issues on which the plaintiff did not prevail. See Hensley v. Eckerhart, 461 U.S. 424, 434 (1983). The defendant notes that the Court rejected four (4) of the plaintiff's arguments, and the defendant specifically lists the billing entries to which she objects as related to the four (4) issues on which the plaintiff did not prevail. The plaintiff argues that even though the Supreme Court opined that tasks performed on an unsuccessful claim may not be considered as worked on towards the end result achieved, "the Court indicates that such an outcome applies where counsel's work is 'unrelated to work on another claim'". Reply at 2, citing Hensley v. Eckerhart, 461 U.S. 424, 434-35 (1983). The plaintiff notes that all of the plaintiff's arguments relate to the same claim and that the Court should consider the totality of the relief obtained by the plaintiff in relation to the time spent on the litigation, and when a plaintiff gets an

6

excellent result the attorney should "recover a fully compensatory fee". <u>Hensley</u>, at 437 (1983).

While the undersigned agrees that the plaintiff's case sought one objective, that of a reversal and remand, the undersigned finds that the plaintiff is not entitled to recover for all of the time spent on issues on which she failed to prevail. Accordingly, the undersigned finds that a 50% reduction for these tasks is warranted. The defendant seeks a reduction of 7.40 hours at a rate of $197.92 for a total reduction of $1,464.61 for these tasks. The undersigned finds that only a 50% reduction of the 7.40 hours is warranted, i.e., a reduction of 3.70 hours at a rate of $197.92 hours, for a total reduction of <u>$732.30</u> for these tasks.

### **4. Brief for an Individual Other than the Plaintiff**

The defendant objects to an award to the plaintiff for 1.50 hours of attorney time spent on tasks regarding Jazmin Cruz, who is not the plaintiff in this matter. The two entries to which the defendant objects are an entry dated June 22, 2017, for the review and analysis of a hearing transcript in preparation for drafting a motion for summary judgment for Jazmin Cruz, and a June 24, 2017, entry for drafting the introduction section of the motion for summary judgment for Jazmin Cruz. The defendant notes that this may be a typographical error, but that it is unlikely. In the reply, the plaintiff asserts an objection

> to defendant's characterization of the billing statements. Specifically, counsel notes that a distinction is made in the actual billing statements between time billed for review and analysis of the hearing decision along with the attached exhibits and time billed for review of the transcript of the actual hearing. These

> efforts are separate and distinct from each other and are billed separately. A distinction is also made between the drafting of the procedural history of the case and the drafting of the Background section of the Statement of the Facts.

Reply at 4. The plaintiff also concedes in the reply that there is some confusion regarding the subject entries, because the entry on June 22, 2017, "contains a notation that the drafting of other introductory sections is included on that date." Reply at 4-5. Accordingly, the plaintiff agreed to reduce the time billed by 0.70 hours. The undesigned finds that the plaintiff does not adequately address the issue regarding billing for an individual other than the plaintiff. The undersigned agrees with the defendant that a reduction of 1.50 hours in the award of attorney's fees in this matter is warranted. A reduction of 1.50 hours at a rate of $197.92 results in a reduction of $296.88 in fees.

### 5. Fees for Litigating Fees

In the reply, the plaintiff requests fees for the "time required to litigate the issue of her pending fee petition." Reply at 5. The plaintiff requests an additional 2.80 hours at a rate of $197.92 per hour for a total additional request of $554.18. These hours include: (1) 0.40 hours for the review and analysis of the defendant's response; (2) 0.80 hours for legal research and analysis of case law, including cases cited by the defendant; and (3) 1.60 hours for the drafting and revising of the plaintiff's reply. The Eleventh Circuit has determined "that the United States may not oppose a 'fees for fees' request solely on the ground that its position in the fee litigation was substantially justified." Jean v. Nelson, 863 F.2d 759, 780 (11th Cir. 1988), aff'd sub nom. Comm'r,

I.N.S. v. Jean, 496 U.S. 154, 110 S. Ct. 2316, 110 L. Ed. 2d 134 (1990). Accordingly, the plaintiff is entitled to recover "fees on fees" in this matter. The undersigned finds that the fees sought by the plaintiff in this matter for "fees on fees" is reasonable, and the plaintiff should recover the requested 2.80 hours at a rate of $197.92 per hour, for a total of $554.18.

## SUMMARY

In the foregoing Order, the undersigned Ordered the following reductions from the plaintiff's requested amount of attorney's fees: (1) $98.96 in fees for the plaintiff's own motion for extension of time; (2) $732.30 in fees on issues which the plaintiff did not prevail; and (3) $296.88 in fees for the time entries related to Jazmin Cruz. The total of these reductions is **$1,128.14**. Prior to the agreed to reduction of one (1) hour, the plaintiff requested a total of $8,352.23 in fees. $8,352.23 minus $1,128.14 equals $7,224.09.

## CONCLUSION

In accordance with the foregoing Order the Plaintiff's Application for Attorney Fees and Costs (DE # 31, 2/5/18) is GRANTED in part and DENIED in part, and the plaintiff is awarded fees in the amount of ***$7,224.09***.

DONE AND ORDERED, in Chambers, at Miami, Florida, this **21st** day of June, 2018.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

CC: All Counsel of Record